IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) CASE NO. 2:06cv300-MHT-CSC |
| WILLIE FATE JONES | ) |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in compliance with this Court's order, responds to Defendant/Movant Willie Fate Jones' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On May 5, 2004, a grand jury for the Middle District of Alabama returned a five-count indictment against Defendant/Movant Willie Fate Jones ("Jones"). See Exhibit A, the indictment. Count 1 charged that, from an unknown date, but commencing at least as early as in or about January 1989, and continuing thereafter up to May 17, 1999, the exact dates being unknown to the grand jury, in Montgomery and Crenshaw counties, within the Middle District of Alabama, and elsewhere, Jones knowingly and intentionally conspired, combined, and agreed together with several codefendants, and other persons known and unknown to the grand jury, to distribute and possess with intent to distribute cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 2 of the indictment charged that, on or about May 17, 1999, in Montgomery County, Jones did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, conspiracy to possess with intent to distribute cocaine and cocaine base as charged in Count 1, said firearm being a

Lorcin, Model L380, .380 caliber pistol, Serial Number 250153, all in violation of 18 U.S.C. § 924(c)(1).

Count 3 of the indictment charged that, on or about January 23, 2004, in Crenshaw County, Alabama, Jones, having been convicted on or about January 1, 2000, in the Circuit Court of Montgomery County, Alabama, of Possession and Receipt of a Controlled Substance, case number CC-98-900, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, knowingly possessed a Bryco Arms, Model Jennings Nine, 9 millimeter caliber pistol, Serial Number 1397886, in violation of 18 U.S.C. § 922(g)(1). Count 4 charged that, on or about January 23, 2004, in Crenshaw County, Alabama, Jones knowingly possessed a Bryco Arms, Model Jennings Nine, 9 millimeter caliber pistol, Serial Number 1397886, while being an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Count 5 charged that, on or about January 23, 2004, in Crenshaw County, Alabama, Jones knowingly and intentionally possessed marijuana and cocaine, Schedule I and II Controlled Substances, respectively, in violation of 21 U.S.C. § 844(a).

Jones agreed to enter guilty pleas to Counts 1 and 3 of the indictment. See Exhibit B, a copy of the plea agreement, at 1. The plea agreement informed Jones that, in return for pleading guilty to the specified counts, he would receive a sentence of 135 months in prison. Exhibit B, at 3. The agreement also stated that, if Jones provided substantial assistance to the United States in any future case, the United States would file a motion for a downward departure under Fed. R. Crim. P. 35. Id. The agreement contained a factual basis for the pleas, wherein Jones acknowledged violating 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 922(g)(1). Id. at 5-6.

Jones' guilty plea hearing was conducted on July 16, 2004. See Exhibit C, a transcript of the guilty plea hearing. At the outset of the hearing, Jones was placed under oath, and he gave his consent to have his plea taken by a United States Magistrate Judge. Exhibit C, at 2, 4-5. Jones informed the Court that he had read and discussed the indictment with his counsel, Barry Teague. Id. at 5. He stated that he understood the charges against him. Id. Jones also stated

that, after reading and discussing his plea agreement with counsel, he understood the terms of his guilty plea. Id. at 6. The Court informed Jones of the civil rights that he would forfeit if he persisted in his guilty plea, and then informed him of the maximum statutory penalties for the offenses. Id. at 7-8. Jones was told that the maximum statutory term of imprisonment for Count 1 was not less than ten years nor more than life, and not more than ten years for Count 3. Id. at 8.

The Court then reviewed the constitutional guarantees that Jones would enjoy if he proceeded to trial. Id. at 9-10. It reviewed the offense elements that the United States would be required to prove in order to convict him at trial. Id. at 11-12. Jones then set forth a factual basis for his pleas under questioning by his counsel, the United States, and the Court. Id. at 12-19. The Court reminded Jones that his plea agreement specified a sentence of 135 months. Id. at 19. Jones stated that he understood his agreement to accept that sentence. Id. After hearing Jones plead guilty to Counts 1 and 3, the Court stated that it found him to be competent and capable of entering an informed plea and that each element of the offense was supported by an independent factual basis. Id. at 19-20. The Court then accepted Jones' guilty plea. Id. at 20.

On March 24, 2004, the United States filed a motion for a downward departure in Jones' sentence, pursuant to U.S.S.G. § 5K1.1. See Exhibit D, a copy of the United States' motion. The motion recommended that he receive a sentence of 108 months. Exhibit D, at ¶ 4.

Jones' sentencing hearing was conducted on March 30, 2005. See Exhibit E, a transcript of the sentencing hearing. The United States informed the Court that Jones agreed to plead guilty to Counts 1 and 3 in return for a sentence of 135 months, and that his substantial assistance had resulted in the government filing a motion for a downward departure to 108 months. Exhibit E, at 2-3. Jones' counsel reaffirmed the agreement that he receive a sentence of 108 months. Id. at 4. The United States also stated on the record that it "wanted to make sure that [Jones] got his downward departure on the front end as opposed to bringing him back in on a Rule 35." The Untied States also noted that Jones' assistance was complete as of his March, 2005 sentencing. Id. Jones' counsel stated that the Court's acceptance of the United States' motion for downward

departure eliminated any further comments regarding sentencing. Id. at 5. The Court formally granted the United States' motion for a downward departure and sentenced Jones to concurrent terms of 108 months in prison on each count. Id. at 6-7. Although the Court directly invited Jones to comment upon the sentence imposed or to the manner in which it was pronounced, he did not lodge any objections. Id. at 8-9. Judgment was entered in Jones' case on April 1, 2005.

On March 28, 2006, Jones filed a Motion to Compel the Government to File a Rule 35(b) Motion In Fulfillment of Plea Agreement. After receiving a response in opposition from the United States, this Court denied Jones' motion on May 24, 2006.

On March 27, 2006, Jones filed a motion for an extension of time to file for relief under 28 U.S.C. § 2255. This Court construed the pleading as a Motion to Vacate, Set Aside or Correct Sentence, and allowed Jones through June 5, 2006 to amend his pleading with specific claims. On June 2, 2006, Jones submitted amended claims. On July 25, this Court entered an order directing the United States to respond within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Jones raises the following issues in his § 2255 motion:

1. Counsel provided ineffective assistance due to his failure to file a requested appeal; and,

2. Counsel provided ineffective assistance due to his failure to inform the sentencing court of the extent of his substantial assistance.

## III. RESPONSE TO CLAIMS FOR RELIEF

**A.   Jones Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

The United States notes at the outset that Jones has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to file a motion to vacate, set aside, or correct sentence under the rule. The applicable provision in this

case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Jones was entered on April 1, 2005. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Jones had ten days from the April 1, 2005 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on April 11, 2005. Thus, under § 2255, Jones had until April 11, 2006 to file his motion. The Court construed his March 27, 2006 motion for an extension of time to file for relief under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct Sentence. Therefore, Jones' filing of his section 2255 motion prior to April 11, 2006, renders it timely.

**B.    Jones' Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Merit.**

Jones presents two claims of ineffective assistance of counsel: (1) that counsel failed to file an appeal as requested; and, (2) counsel failed to inform the sentencing court of the extent of his substantial assistance. These claims are not supported by the record.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001)

(applying two-part test of Strickland v. Washington). More specifically, Jones must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high,"noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of

counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Jones has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

    **1.    Counsel was not ineffective for failing to file an appeal if Jones did not request that he do so.**

Jones' first claim of ineffective assistance of counsel asserts that, though he requested an appeal in his case, counsel failed to do so. He does not, however, submit any additional facts or documentation which support this claim. Where counsel fails to file a notice of appeal after having been so instructed by his client, a showing of prejudice is not required, as the United States Supreme Court has long recognized that such action is both professionally unreasonable and presumptive prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000). The Eleventh Circuit has consistently held that, in these circumstances, defendants need not show viable grounds for the requested appeal. See Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005); McIver v. United States, 307 F.3d 1327, 1330 at n.1 (11th Cir. 2002); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

Crucial to a Court's ruling that an appeal be permitted in circumstances such as those alleged by Jones is a finding that the defendant did, in fact, instruct his attorney to file a notice of appeal. In the McIver and Martin cases, the fact of counsel's failure to file the requested notice of appeal was established in the record. See McIver, 307 F.3d at 1329; Martin, 81 F.3d at 1084. In Montemoino, the Eleventh Circuit remanded the case for a hearing to determine whether the

facts supported the defendant's allegation that he actually requested an appeal, and conditioned relief on a finding that the request was made. Montemoino, 68 F.3d at 418. See also United States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003)(where the district court acknowledged the defendant's "credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence.")

The recent decision in Gomez-Diaz v. United States is consistent with past cases on the issue raised in Jones' motion. That case presented a petitioner who, the district court determined, "explicitly asked his attorney to appeal," but was persuaded not to by the attorney. Gomez-Diaz, 433 F.3d at 791. The Eleventh Circuit remanded with instructions for the district court to determine

> (1) whether Petitioner's initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in Flores-Ortega; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes, and whether he acted in accordance with those wishes.

Id. at 792-93.

In effect, the Eleventh Circuit requires a petitioner to establish that he actually instructed his counsel to file an appeal. This Court's task in this fact-finding process is obviously complicated by the recent and untimely death of Jones' counsel, Barry Teague. The United States submits that Jones' acceptance of a downward departure to 108 months at sentencing, together with his understanding that the government considered his assistance complete, renders his request for an appeal unlikely. Exhibit E, at 4. Further, the Court directly asked Jones whether he had "anything to say as to why the sentence as announced should not be imposed," he responded that he did not. Id. at 9. This portion of the record mitigates against Jones' claim that he wished to appeal his sentence. In the event this Court finds that Jones' has presented sufficient facts to support a finding that he did request an appeal, he is entitled to an out-of-time appeal. Gomez-Diaz, id. at 794.

> **2.  Counsel was not ineffective for failing to provide additional information regarding Jones' substantial assistance at sentencing.**

Jones contends that his counsel should have informed the Court of the extent of his cooperation with the government, and that this failure prejudiced him because it left the Court to make its "departure determinations without being fully informed of the dangerous circumstances" encountered during his assistance. Although he phrases his claim as a failure by counsel to appeal, the facts suggest that it is more appropriately addressed by a review of counsel's actions at sentencing.

Section 5K1.1 of the United States Sentencing Guidelines includes as a factor for consideration when contemplating a reduction in sentence "any danger or risk of injury to the defendant or his family resulting from his assistance." U.S.S.G. § 5K1.1(a)(4) (2004). The United States' Motion for Downward Departure informed the Court that Jones rendered substantial assistance to the government by making undercover purchases of narcotics and testifying at the trial of his co-defendants. Exhibit D, at ¶ 3. This Court would have been aware of the inherent danger and risk inherent in the undercover purchases accomplished by Jones, as well as possible repercussions from his trial testimony. The record, therefore, demonstrates that the "danger or risk" in Jones' assistance was known to the Court and considered in the final sentence. See United States v. Chotas, 968 F.2d 1193, 1195-96 (11th Cir. 1992) (danger or risk to defendant is adequately comprehended as a ground for departure in Section 5K1.1).

Jones' counsel agreed with the reduced sentence of 108 months, and Jones himself had no additional comments to the Court after sentence was pronounced. Exhibit E, at 5, 8-9. Absent some evidence that Jones' case presented additional grounds - besides danger or risk - for further departure, Jones' complaint that his counsel did not make additional facts known to the Court does not demonstrate that counsel's performance was deficient. Otherwise, counsel cannot be ineffective for failing to raise a meritless point. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Accordingly, this final issue of ineffective assistance should be dismissed.

Jones has failed to show that counsel's failure to inform the Court of the extent of his assistance qualifies as (1) an act or omission which fell below an objective standard of reasonableness, and (2) that his counsel's alleged error or omission resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his proceeding would have been different.  Yordan v. Dugger, 909 F.2d at 477.  Therefore, these claims should be dismissed.

### IV.  A HEARING IS NOT APPROPRIATE IN THIS MATTER

Jones has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Jones has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

### V.  CONCLUSION

For the above reasons, Defendant/Movant Willie Fate Jones has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this the 4th day of August, 2006.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Terry F. Moorer
>TERRY F. MOORER
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>(334) 223-7280
>(334) 223-7135 fax
>terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) CASE NO. 2:06cv300-MHT-CSC |
| WILLIE FATE JONES | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed copy of the same to the following non-CM/ECF participant: Willie Fate Jones, #11440-002, Yazoo City Federal Correctional Complex, P.O. Box 5000, Yazoo City, MS 39194-5000.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Terry F. Moorer
        TERRY F. MOORER
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        terry.moorer@usdoj.gov