FILED
JUL 16 2004
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:04cr97-T |
| | ) | |
| WILLIE FATE JONES | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:           BARRY E. TEAGUE

ASSISTANT U.S. ATTORNEY:   TERRY F. MOORER

### COUNT AND STATUTES CHARGED:

| | |
|---|---|
| Count 1 | Title 21 U.S.C. 846 |
| Count 2 | Title 18 U.S.C. 924(c)(1) |
| Count 3 | Title 18 U.S.C. 922(g)(1) |
| Count 4 | Title 18 U.S.C. 922(g)(3) |
| Count 5 | Title 21 U.S.C. 844(a) |

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

| | |
|---|---|
| Count 1 | Title 21 U.S.C. 846 |
| Count 3 | Title 18 U.S.C. 922(g)(1) |

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1     Title 21 U.S.C. 841
            Not Less than 10 years imprisonment; not more
            than life imprisonment; $4,000,000 fine or
            both; not less than 5 years supervised
            release; a Special Assessment of $100.00; VWPA

Count 3     Title 18 U.S.C. 922(g)(1)
            Not more than $250,000 fine; not more than 10
            years imprisonment or both; no more than 3
            years Supervised Release; a Special Assessment
            of $100.00; VWPA

**ELEMENTS OF THE OFFENSE:**

Count 1

| | |
|---|---|
| First: | That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and |
| Second: | That the defendant, knowing the unlawful purpose of plan, willfully joined in it. |

Count 3

| | |
|---|---|
| First: | That the defendant was convicted in a court of a crime punishable by imprisonment for a term exceeding one year; |
| Second: | That the defendant thereafter said conviction possessed a firearm; and |
| Third: | That the firearm so possessed had traveled in interstate or foreign commerce. |
| Fourth: | The defendant's civil right to possess a firearm have not been restored. |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Terry F. Moorer, Assistant United States Attorney, and Barry E. Teague, attorney for the defendant, pursuant to the provisions of Rule 11, <u>Federal Rules of Criminal Procedure</u>, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

**GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the

2

offense charged in Counts 1 and 3 of the Indictment under the provisions of Rule 11(c)(1)(C), <u>Federal Rules of Criminal Procedure</u>, the attorney for the Government will do the following:

 a. The government agrees that the defendant will receive a 135 month term of imprisonment.

 2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

The United States will file a further motion for downward departure under Rule 35, <u>Federal Rules of Criminal Procedure</u>, if the defendant provides substantial assistance to the United States in any future case. The defendant understands and agrees that the Office of the United States Attorney for the Middle District of Alabama will have the sole discretion to determine if the defendant has provided substantial assistance and when to file such motion.

 3. The United States will dismiss any remaining charges at sentencing.

### **DEFENDANT WAIVES RIGHT TO APPEAL UNDER 28 U.S.C. § 2255 28 U.S.C. § 2255 PETITION.**

The defendant waives his right to appeal either the guilty plea or sentence under the provisions of Title 28, United States Code, Section 2255, except as to issues of prosecutorial misconduct or ineffective assistance of counsel.

3

### **DEFENDANT'S PROVISIONS**

4. The defendant agrees to the following:

    a. To plead guilty to Counts 1 and 3 of the Indictment.

    b. It is understood that by signing this agreement, you agree to provide substantial assistance to law enforcement agents. "Substantial assistance" with law enforcement agents under this agreement is understood to include, but is not limited to, the following:

    (1) Making consensually monitored telephone calls to, or otherwise contacting, persons known to be involved in violations of the law.

    (2) Introducing undercover law enforcement officers to persons you know to be involved in illegal activity.

    (3) Maintaining contact with the law enforcement agents with whom you are working. You shall work under the direct supervision of law enforcement agents. At no time are you authorized to take any actions without first obtaining the direct authorization of such agents. Any independent and unauthorized actions will be deemed a violation of this agreement.

    (4) Testifying truthfully against any such persons before any and all grand juries and at any and all hearings and trials.

    (5) You agree to make a good faith effort to assist law

       enforcement agencies in arranging and making undercover contacts with other persons you know to be involved in illegal activity.

(6) You will cooperate fully and truthfully with the government in this investigation and in any other federal criminal investigation. You will respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

### FACTUAL BASIS

a. The defendant understands the nature of the charge to which the plea is offered involves proof as to Count 1, that from an unknown date, but commencing at least as early as on or about January, 1989, and continuing thereafter up to May 17, 1999, in Montgomery and Crenshaw Counties, in the Middle District of Alabama, and elsewhere, the defendant herein did knowingly and intentionally conspire, combine and agree together with Lamont Jones, Leslie Hamilton, Willie May, Sheila Ross, Quincy Tillis, Kenneth Bryant, Timothy Woodson, Charles Woodson, Carlos McClain, Victor Ellis, Brian Cornelius May, Michael Jones, Morris May, Darnell Willis, and other persons known and unknown to the Grand



Jury, to distribute and possess with intent to distribute cocaine, and more than 50 grams of cocaine base, Schedule II Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

b. The defendant understands the nature of the charge to which the plea is offered involves proof as to Count 3, on or about January 23, 2004, in Crenshaw County, Alabama, in the Middle District of Alabama, Willie Fate Jones, the defendant herein, having been convicted on or about January 1, 2000, in the Circuit Court of Montgomery County, Alabama, of Possession and Receipt of a Controlled Substance, case number CC-98-900, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, knowingly did possess a Bryco Arms, Model Jennings Nine, 9 millimeter caliber pistol, Serial Number 1397886, in violation of Title 18, United States Code, Section 922(g)(1).

### DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant, before entering a plea of guilty to Counts 1 and 3 of the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to

Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant.

      c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind, and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7

f.  Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was



made by the defendant under oath, on the court record, and in the presence of counsel.

    i. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    6. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, <u>Federal Rules of Criminal Procedure</u>, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pled and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil

9



or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a Presentence Investigation Report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the U.S. Attorney. The defendant understands that he cannot withdraw his guilty plea unless the Court intends to impose a sentence other than as set forth in this agreement.

8. You understand that if you commit another federal, state, or local offense during the time you are cooperating with the government or prior to the time you are sentenced on the charge that is pending against you, this agreement will be null and void and you will be prosecuted for all offenses of which the government has knowledge including those offenses premised upon information provided by you under the terms of this agreement. The United States will ask the Court not to honor this agreement if you violate the terms of this agreement or if you commit another offense. If the Court determines you have violated the terms of this plea agreement, you cannot withdraw your guilty plea or your

waiver of the right to appeal or collaterally attack the guilty plea and/or sentence.

This 15th day of July, 2004.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
Terry F. Moorer
Assistant United States Attorney

_____
Louis V. Franklin, Sr.
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, BARRY E. TEAGUE.

_____
Willie Fate Jones
Defendant

7-15-04
_____
Date

_____
Barry E. Teague
Attorney for the Defendant

7-15-04
_____
Date

12