```
 1              IN THE UNITED STATES DISTRICT COURT
                               FOR
 2                 THE MIDDLE DISTRICT OF ALABAMA

 3

 4

 5  THE UNITED STATES
       OF AMERICA
 6
         vs.                        CRIMINAL ACTION NO.
 7                                  2:04-CR-97-MHT
    WILLY FATE JONES
 8

 9

10

11

12

13
                          SENTENCING
14

15

16

17              * * * * * * * * *

18

19

20

21  BEFORE:       The Hon. Myron H. Thompson

22  HEARD AT:     Montgomery, Alabama

23  HEARD ON:     March 30, 2005

24  APPEARANCES:  Louis Franklin, Esq.

25                Barry Teague, Esq.
```

**MITCHELL P. REISNER, CM, CRR - (334) 265-2500**
Official U. S. District Court Reporter
**TOTAL COMPUTERIZED LITIGATION SUPPORT & INSTANT TRANSLATION**

```
 1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
    THE HON. MYRON H. THOMPSON ON MARCH 30, 2005 AT THE
 2  UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4            THE COURT:  The Court calls the case of

 5  United States of America vs. Willie Fate Jones,

 6  criminal action number 2:04-CR-97-T.  We're here for

 7  the purpose of sentencing.

 8            Will the defendant come forward with his

 9  attorney.

10            Now, is this Mr. Willie Fate Jones?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  Now, Mr. Jones, have you and

13  your attorney reviewed the presentence report,

14  including any revisions that may have been made after

15  the initial disclosure?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE COURT:  Now was there a plea agreement

18  in this case?

19            MR. FRANKLIN:  Yes, Your Honor, there was.

20            THE COURT:  Was there a plea agreement?

21            MR. FRANKLIN:  Yes, sir.

22            THE COURT:  Now what was the plea agreement?

23            MR. FRANKLIN:  Judge, the plea agreement was

24  an 11(c)(1)(c) that called for the defendant to enter

25  a plea of guilty to counts one and three of the
```

```
 1  indictment, and to provide substantial assistance to
 2  the United States for his case and other cases.  And
 3  it called for the United States to recommend and the
 4  defendant to agree that the appropriate sentence in
 5  this matter would be a term of a hundred and
 6  thirty-five months.
 7          It also had a substantial assistance clause
 8  whereby the United States promised to give the
 9  defendant a downward departure if his assistance
10  proved substantial, and in this case it did.  The
11  United States has filed a motion and asked the Court
12  to go down to one hundred and eight months in this
13  case.
14          THE COURT:  Okay.  Now is that a correct
15  summary of the plea agreement, Mr. Teague?
16          MR. TEAGUE:  It is, Your Honor.
17          THE COURT:  Okay.  Now does the plea
18  agreement comply with the Sentencing Reform Act?
19          THE PROBATION OFFICER:  Yes, sir.
20          THE COURT:  Does Probation have any problems
21  with the plea agreement?
22          THE PROBATION OFFICER:  No, sir.
23          THE COURT:  Now this is an agreement for a
24  specific sentence, is that correct?
25          MR. FRANKLIN:  It is, Your Honor.
```

```
 1              THE COURT:  Now the defendant also agrees to
 2   a sentence of one hundred and eight months?
 3              MR. TEAGUE:  We do, Your Honor.
 4              MR. FRANKLIN:  Judge, if I may, just to
 5   clarify the record, 11(c)(1)(c) was for a term of one
 6   hundred and thirty-five months, and we wanted to make
 7   sure that the defendant got his downward departure on
 8   the front end as opposed to bringing him back in on a
 9   Rule 35.  So we filed that 5K earlier because his
10   assistance is complete at this time.
11              THE COURT:  Now what was the hundred and
12   thirty-five months based on?  How did you calculate
13   that?
14              MR. FRANKLIN:  It was based on the amount of
15   cocaine base purchased from the defendant during the
16   controlled buy while we were investigating him.  And
17   that came --
18              THE COURT:  How many was that?
19              MR. FRANKLIN:  The sentencing range was
20   one-thirty five to one sixty-eight, I believe, Your
21   Honor.  And it was based on a sum of two hundred and
22   thirty-three grams of crack cocaine.  There were two
23   controlled buys made from the defendant.
24              THE COURT:  The Court accepts the plea
25   agreement.
```

```
 1              Is the defendant ready for sentencing?
 2              THE DEFENDANT:  Yes, Your Honor.
 3              THE COURT:  So you have a drug problem, is
 4   that correct?
 5              THE DEFENDANT:  Yes, sir.  I have a drug
 6   problem.  Yes, sir.
 7              THE COURT:  You'll be going away for quite a
 8   while.  What is your age right now?
 9              THE DEFENDANT:  Forty-two.
10              THE COURT:  Forty-two.
11              I think the main issue that's going to be
12   out there for you and for the Court when you
13   eventually get to supervised release is your drug
14   problem.  That's going to be with you for the rest of
15   your life.
16              Are you ready for the Court to announce the
17   proposed sentence, before I decide whether to impose
18   the sentence as announced?
19              MR. TEAGUE:  We are, Your Honor.
20              THE COURT:  Is there anything you would like
21   to say?
22              MR. TEAGUE:  No.  Inasmuch as the Court has
23   said that it would accept the 5K downward departure,
24   we have no further comments.
25              THE COURT:  There being no objections to the
```

```
 1  presentence report, the Court adopts the factual
 2  statements contained in the presentence report with
 3  specific findings that the offense level is
 4  thirty-three, the criminal history category is one,
 5  the guideline range is one hundred and thirty-five to
 6  one hundred and sixty-eight months, the supervised
 7  release period is from two to five years and the fine
 8  range is from seven thousand five hundred to four
 9  million dollars.
10            The Court finds that the Government's motion
11  for a downward departure pursuant to Section 5K1.1 in
12  Title 18 United States Code, Section 3553(e) based on
13  the defendant's substantial assistance to the
14  Government is granted.  The Court departs downward to
15  a sentence of a hundred and eight months.
16            Accordingly, the Court having considered and
17  consulted the sentencing guidelines and evaluated the
18  reasonableness of the sentence through the lens of
19  Title 18 United States Code, Section 3553(a), it is
20  the judgment of the Court that the defendant, Willie
21  Fate Jones, is committed to the custody of the Federal
22  Bureau of Prisons to be imprisoned for a total term of
23  one hundred and eight the months.  The term consists
24  of one hundred and eight months on count one, and one
25  hundred and eight months on count three to be served
```

```
 1  concurrently.
 2              The Court recommends that defendant Jones be
 3  designated for a facility where intensive residential
 4  substance abuse treatment and educational training is
 5  available.
 6              The defendant shall pay to the United States
 7  District Court Clerk a special assessment fee of two
 8  hundred dollars which is due immediately.
 9  Furthermore, because of his inability to pay, the
10  Court waives the imposition of a fine.
11              It is further ordered that upon release from
12  imprisonment the defendant shall be placed on
13  supervised release for a total term of five years.
14  The term consists of five years on count one, and
15  three years on count three, all such terms to run
16  concurrently.  Within seventy-two hours of release
17  from custody the defendant shall report to the
18  probation office in the district to which is he
19  released.  While on supervised release the defendant
20  shall comply with the mandatory and standard
21  conditions of supervised release on file with the
22  Court.
23              The Court also orders the following special
24  conditions.  The defendant shall participate in drug
25  testing and treatment as directed by his supervising
```

```
 1  probation officer.  He shall contribute to the cost of
 2  any treatment based on his ability to pay and the
 3  availability of third party payments.  He shall
 4  participate in educational and vocational training.
 5          He shall submit to a search of his person,
 6  residence, office and vehicle pursuant to the search
 7  policy of this Court.
 8          He shall cooperate in the collection of
 9  D N A as directed by the supervising probation
10  officer.
11          The Court finds there is no identifiable
12  victim who incurred a financial loss as a result of
13  this offense.
14          Now I ask you at this time, are there any
15  objections to the sentence imposed or to the manner in
16  which the Court pronounced it, other than those
17  objections previously stated for the record?  For
18  example, do you have any objection to the Court's
19  ultimate findings of fact or conclusions of law?
20  Furthermore, you are instructed that if you have an
21  objection you must not only state the objection you
22  must give the grounds for the objection.
23          MR. TEAGUE:  Your Honor, we have no
24  objections.
25          THE COURT:  I ask you at this time, Mr.
```

```
 1  Jones, do you have anything to say as to why the
 2  sentence as announced should not be imposed, or do you
 3  have anything to say in mitigation of the sentence?
 4          THE DEFENDANT:  No, Your Honor.
 5          THE COURT:  Now you have ten days -- well
 6  first of all it is the order, judgment and decree of
 7  the Court that the sentence as announced is hereby
 8  imposed.
 9          You have ten days to file any notice of
10  appeal, to the extent that you still have a right to
11  appeal.  If you cannot afford the cost of an appeal,
12  the Court will allow you to appeal at no cost,
13  including furnishing you with a free transcript and a
14  free attorney.
15          You are in the custody of the marshal.
16          MR. FRANKLIN:  Your Honor, at this time the
17  United States would move for the dismissal of counts
18  two, four and five consistent with the plea agreement.
19          THE COURT:  Okay, those counts are
20  dismissed.
21          Anything else, Counsel?
22          MR. FRANKLIN:  No, Your Honor.
23          THE COURT:  Court is in recess.
24
25                  * * * * * * * * *
```

```
 1
 2                    COURT REPORTER'S CERTIFICATE
 3
 4            I certify that the foregoing is a correct
 5    transcript from the record of proceedings in the
 6    above-entitled matter as prepared by me to the best of
 7    my ability.
 8
 9            I further certify that I am not related to
10    any of the parties hereto, nor their counsel, and I
11    have no interest in the outcome of said cause.
12
13            Dated this 12th day of April 2006.
14
15            _____
              MITCHELL    P.   REISNER,   CM,   CRR,
16            Official US Dist. Court Reporter
              Registered Professional Reporter
17            Certified   Real-Time   Reporter
18
19
20
21
22
23
24
25
```