IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Civil Action No. 2:06cv300-MHT |
| ) | (WO) |
| WILLIE FATE JONES  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on federal inmate Willie Fate Jones ("Jones")'s motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  On July 16, 2004, pursuant to a plea agreement, Jones pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court accepted Jones's guilty plea, adjudged him guilty, and, on March 30, 2005, sentenced him to 108 months in prison.  A judgment was entered on April 1, 2005.  Jones did not appeal.

On March 27, 2006 (Doc. No. 2), Jones filed a motion in his criminal case[1] that this court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2]  The court directed that a separate civil case be opened and ordered Jones to file an

---

[1] *United States v. Jones*, 2:04cr97-MHT.

[2] Although Jones's motion was date-stamped "received" in this court on April 3, 2006, under the "mailbox rule," the court deemed it filed on the date he delivered it to prison authorities for mailing, presumptively, March 27, 2006, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

amendment to the § 2255 motion setting forth any specific claims for relief he wished to present. On June 2, 2006 (Doc. No. 3), Jones filed an amendment to his § 2255 motion setting forth the following claims:

1. His counsel was ineffective for failing to file a direct appeal after he requested counsel to do so.

2. His counsel was ineffective for failing to inform the sentencing court of the extent of his assistance to the government, leaving the court to make its departure determinations without being fully informed of the dangerous circumstances he encountered during his assistance.

On August 4, 2006 (Doc. No. 5), the government filed an answer to Jones's § 2255 motion. Jones was afforded an opportunity to respond to the government's submission but failed to do so. After careful consideration of Jones's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court recommends that the motion be granted in part and dismissed without prejudice in part.

## II.  DISCUSSION

### A.  *Counsel's Failure to File an Appeal*

Jones contends that he was denied effective assistance of counsel when his counsel failed to file a direct appeal on his behalf after he requested counsel to do so. (Doc. No. 3 at 6.) In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the test in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel is ineffective for failing to file an appeal. *Flores-Ortega*, 528 U.S. at 477. Under *Strickland*, a defendant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's

2

representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Flores-Ortega*, 528 U.S. at 476-77 (internal quotation marks and internal citations omitted).

With respect to the objective standard of reasonableness, the Supreme Court in *Flores-Ortega* reaffirmed that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner. *Id*. at 477. The Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

With respect to prejudice, the *Flores-Ortega* Court held that prejudice is presumed where counsel fails to file a requested appeal, so that when an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id*. at 477-78 & 483-86. The Court indicated that it would be unfair to require a litigant to demonstrate in a § 2255 proceeding that his appeal would have had merit. *Id*. at 486.[3] Instead, the defendant must only demonstrate that there

---

[3]The Court stated:

[I]t is unfair to *require* an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 486.

3

is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id*. at 484. An attorney's failure to pursue an appeal that has been requested by the defendant normally should result in the court granting an out-of-time appeal, even absent the defendant showing that he or she would have had any viable grounds for appeal. *Flores-Ortega*, 528 U.S. at 477; *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003).

Jones alleges that at his sentencing, he specifically asked his counsel, Barry Teague, to file an appeal but that Teague failed to file the requested appeal. (Doc. No. 3 at 5.) According to Jones, "[c]ounsel was asked several times to file notice of appeal but he refused to do so." (*Id*.) After Jones filed his amended § 2255 motion setting forth his claims, this court entered orders directing Teague to file an affidavit responding to Jones's allegations of ineffective assistance of counsel, including Jones's allegation that he had asked Mr. Teague to file an appeal on his behalf but Mr. Teague had failed to do so. (Doc. No. 4.) Unfortunately, on or about July 23, 2006, Teague died before he could complete an affidavit in response to the question of whether Jones timely asked him to file an appeal. (*See* Doc. No. 5 at 8.)

While candidly acknowledging that the necessary fact-finding process in this case is problematic because of the untimely death of Mr. Teague, the government submits that Jones's acceptance of a downward departure at sentencing, together with his understanding that the government considered his assistance complete at the time of sentencing, renders it

4

unlikely that Jones in fact instructed counsel to file an appeal on his behalf.[4] (Doc. No. 10 at 8.) However, the government concedes that should this court conclude that Jones has presented sufficient facts to support a finding that he did request an appeal, he is entitled to an out-of-time appeal. *Id*. (citing *Gomez Diaz v. United States*, 433 F.3d 788, 794 (11th Cir. 2005)).

Mr. Teague is deceased, and the record of the criminal proceedings is silent on the question of whether Jones requested that he file an appeal. This court is unable to draw an inference from the mere circumstances of Jones's guilty plea sufficient to conclude that it was entirely unlikely he asked Mr. Teague to appeal. Without testimony from Mr. Teague, an evidentiary hearing would yield scant information on this issue. Under the circumstances of this case, there is no evidence before the court contradicting Jones's claim that he timely requested counsel to file an appeal. Consequently, the court concludes that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted, and Jones should be

---

[4]Jones' plea agreement contains a waiver provision whereby Jones relinquished his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. The Eleventh Circuit has held that *Flores-Ortega*'s general rule that where an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate meritorious issues for appeal also applies even if the defendant has signed a limited waiver of his right to appeal his sentence. *See Gomez Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005); *Gaston v. United States*, 237 Fed.Appx. 495 (11th Cir. 2007) (unpublished opinion). Jones did not waive all of his appellate rights under the terms of the plea agreement.

granted the opportunity to file an out-of-time appeal.[5]

### B. *Dismissal of Remaining Claim Without Prejudice*

Because Jones is entitled to relief on his ineffective assistance of counsel claim and should be granted the opportunity to file an out-of-time appeal, the remaining claims in his § 2255 motion should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (Notwithstanding *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), where the district court grants a § 2255 movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jones be GRANTED in part and DISMISSED WITHOUT PREJUDICE in part as follows:

1.  That Jones be granted the opportunity to file an out-of-time appeal based on his claim that his counsel rendered ineffective assistance by failing to filed a direct appeal and, more specifically, that:

    a.  The judgment in Criminal Case No. 2:04cr97-

---

[5]In *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit held that where a district court finds that a defendant was denied the right to appeal, the court should vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal and that he has ten days in which to file a notice of appeal. 225 F.3d at 1201.

     MHT be vacated;

  b. The same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

  c. Jones be advised that he must file any notice of appeal from the re-entered judgment within the ten-day period provided by FED.R.APP.P. 4(b)(1)(A)(I); and

  d. Jones be advised that he has the right to appeal from the re-entered judgment in the criminal case and that, if he cannot afford a lawyer, one will be appointed for him.

2. That Jones's remaining claims for relief in his § 2255 motion be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 25, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 12th day of February, 2008.


                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE